# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE ALLEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1625 |
| | ) | Judge McVerry |
| ALLEGHENY COUNTY, *et al.*, | ) ) | Magistrate Judge Bissoon |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### II.    REPORT

Plaintiff, Lawrence Allen ("Allen" or "Plaintiff"), asserts that he has attempted to have his child support obligations terminated in the state courts, but has been unable to obtain the requested relief. He seeks an order from this Court terminating his support obligations, and he also seeks punitive damages for pain and suffering. Allen moved to proceed *in forma pauperis* in this matter and that motion was granted (Doc. 4).

### A.    Applicable Law.

Congress has mandated that federal courts review complaints filed by persons who are proceeding *in forma pauperis* and dismiss actions that are frivolous or malicious, that fail to state a claim on which relief may be granted, or that seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). That section provides in relevant parts as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

> or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In determining whether Plaintiff has stated a claim upon which relief can be granted, the standard of Federal Rule of Civil Procedure 12(b)(6) is applicable. As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. at 1974.

**B.  Analysis**

In McKnight v. Baker, 343 F.Supp. 2d 422 (E.D.Pa. 2004), the court was faced with civil rights claims concerning a state court custody case and determined that such claims were barred to the extent that they would represent "an indirect attack on the custody determination" made in the state court. Id., at 426. The claim made by the plaintiff was "essentially seeking federal court review of the decision of the Family Court denying him visitation rights," which the Court determined was barred by the Rooker-Feldman doctrine. Rooker v. Fidelity Trust, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). "McKnight's proper avenue of appeal lies in the Pennsylvania state courts. . . [a]nd ultimately to the Supreme Court under [28 U.S.C.] §1257." Id., at 426 (internal quotations omitted). The same is true in this case.

Plaintiff's claim plainly implicates the validity of a state court ruling concerning his support obligations. Simply put, this Court lacks jurisdiction to adjudicate Plaintiff's claim. Further, a decision on the merits of Plaintiff's claim would also run afoul of the "domestic relations exception" to federal jurisdiction since it could be seen as a ruling by this Court on a matter exclusively within the state court's jurisdiction. See, Ankenbrandt v. Richards, 504 U.S.

689 (1992) (federal courts divested of power "to issue divorce, alimony, and child custody decrees").

### III     CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 6, 2009.

February 17, 2009                                s/Cathy Bissoon
                                                               CATHY BISSOON
                                                               UNITED STATE MAGISTRATE JUDGE

**Cc:**
**LAWRENCE ALLEN**
BH-1999
S.C.I. at Frackville
1111 Altamont Blvd
Frackville, PA 17931